# Exhibit C

Exhibit C

1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
  RYAN L. NILSEN, SB# 310642
2   E-Mail: Ryan.Nilsen@lewisbrisbois.com
  PALOMA I. MORENO-ACOSTA, SB# 310766
3   E-Mail: Paloma.Moreno-Acosta@lewisbrisbois.com
  701 B Street, Suite 1900
4 San Diego, California 92101
  Telephone: 619.233.1006
5 Facsimile: 619.233.8627

6 Attorneys for Defendant Victoria's Secret Stores,
  LLC dba Victoria's Secret, erroneously sued as
7 "Victoria's Secret"

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 COUNTY OF SAN DIEGO

| | |
|---|---|
| 11 ALEXANDRA MORIN CHAU,<br>12         Plaintiff,<br>13    vs.<br>14 VICTORIA'S SECRET STORES, LLC DBA VICTORIA'S SECRET; VICTORIA'S<br>15 SECRET, A SUBSIDIARY OF L BRANDS, INC. and Does 1 to 25, inclusive,<br>16<br>17         Defendants. | CASE NO. 37-2019-00015190-CU-PO-CTL<br><br>**DEFENDANT VICTORIA SECRET STORES, LLC'S ANSWER TO COMPLAINT**<br><br>[Assigned for All Purposes to:<br>The Hon. Joel R. Wohlfeil, Dept. C-73]<br><br>Action Filed:  March 21, 2019<br>Trial Date:    None Set |

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

Defendant VICTORIA'S SECRET STORES, LLC dba Victoria's Secret, and erroneously sued as "Victoria's Secret," (hereinafter collectively referred to as "VSS"), through its counsel of record, answers the Complaint of Plaintiff ALEXANDRA MORIN CHAU, herein as follows:

Pursuant to the provisions of Code of Civil Procedure section 431.30(d), VSS generally and specifically denies each and every allegation contained in the Complaint, and further denies any and all wrongful conduct on its part, whether as alleged or otherwise. VSS further denies that Plaintiff's alleged injuries resulted from or were in any way connected with any act, omission, fault, conduct or liability on the part of VSS whether negligent, careless, unlawful, or of any nature alleged or otherwise, and deny that this answering VSS was in any way negligent, careless, reckless, wanton or unlawful.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

VSS alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that the Complaint is barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that Plaintiff is barred from any recovery against this answering defendant, by the Doctrine of Laches, due to the unreasonable delay of the Plaintiff in filing the Complaint.

///
///
///

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that any and all damages allegedly incurred by the Plaintiff, the facts of which are expressly denied by VSS, are the direct and proximate result of negligence, recklessness, or other wrongful conduct on the part of the Plaintiff, and not, as alleged, a direct and proximate result of wrongful conduct on the part of VSS, whether as alleged or otherwise, the facts of which are expressly denied. In the event that any judgment or recovery is had against VSS by Plaintiff, VSS alleges that they are entitled to a reduction of any such judgment or recovery in direct proportion to the percentage of comparative fault attributable to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that any and all damages allegedly incurred by Plaintiff, the facts of which are expressly denied by VSS, are the direct and proximate result of negligence, recklessness, or other wrongful conduct on the part of third parties, including, but not limited to, other parties in the within action, and not, as alleged, a direct and proximate result of wrongful conduct on the part of VSS, whether as alleged or otherwise, the facts of which are expressly denied. VSS is therefore entitled to a reduction in judgment or recovery had against them, if any, by Plaintiff, in direct proportion to the percentage of comparative fault attributable to other third parties, including, but not limited to, other parties in the within action.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that Plaintiff has unreasonably failed to mitigate any damages that she alleges were suffered as a result of the alleged wrongful conduct on the part of VSS, the facts of which are expressly denied by VSS, and that, accordingly, Plaintiff's claims are barred to the extent she has

failed to mitigate those damages.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that the direct and proximate cause of any and all of the Plaintiff's alleged damages, the facts of which are expressly denied by VSS, were unforeseen actions of others including, but not limited to, other parties in the within action, which constitute supervening, superseding, or intervening causes for which VSS is not liable.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that the Plaintiff has failed to join all indispensable parties. Therefore, complete relief cannot be accorded to those who are already parties to this action and Plaintiff's failure to join all indispensable parties will result in prejudice in any possible future litigation.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that the perils or dangers, if any, existing at the time of Plaintiff's alleged injuries, if any, were open and obvious and known to Plaintiff, who nevertheless conducted herself in such a manner so as to expose herself to said perils and dangers, if any, and by so doing, assumed all the risks attendant thereto.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that the conduct of Plaintiff constitutes active and primary negligence and/or wrongful conduct, which proximately caused or contributed to whatever damages Plaintiff seeks and Plaintiff's Complaint is completely barred by the active and primary conduct of Plaintiff. VSS further alleges that they were not negligent, or in any way at fault, and that VSS's conduct, if any,

was passive, inactive and secondary.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that Plaintiff has engaged in conduct with respect to the activities and/or property that are the subject of her Complaint, and by reason of said activities and conduct, are estopped from asserting any claim for damages or seeking any other relief against VSS.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged negligence or any other conduct, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that by virtue of Plaintiff's unlawful, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against VSS by the equitable doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that at or about the time, date, and place mentioned in the Complaint, if any risk was attendant upon the activities of the Plaintiff, then said Plaintiff full well knew of such risks and voluntarily and without compulsion or coercion encountered such risks.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that parties both served and unserved, named and unnamed, are in some manner or percentage responsible for Plaintiff's injuries or damages, if any, and VSS requires an order from the trier of fact setting forth the percentage of fault of each and every party named and unnamed,

4818-1057-1927.1

5

DEFENDANT VICTORIA SECRET STORES, LLC.'S ANSWER TO COMPLAINT

served and unserved hereto.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that at the time of the incident of which Plaintiff complains, Plaintiff was so comparatively negligent in comparison to VSS that any judgment rendered on behalf of Plaintiff against VSS must be reduced by the percentage of the negligence caused by the acts and omissions of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that pursuant to the Fair Responsibility Act (also known as Proposition 51), commencing at Section 1431 et seq., any damages that Plaintiff may have suffered in the incident giving rise to this lawsuit were caused as a result of the negligence of other individuals, corporations, associations, partnerships or other entities who are not presently known, but were guilty of negligence in failing to exercise that degree of care that ordinarily prudent individuals and/or entities would exercise under the same or similar circumstances. Hence, if Plaintiff is awarded damages in the instant action, her damages must be proportionately reduced by the contributing negligence of these unknown individuals as mandated by California Civil Code of Procedure, Section 1431 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that if Plaintiff suffered any injuries, which allegations VSS expressly denies, such injuries were contributed to and caused by Plaintiff's failure to follow the advice and direction of her physicians and/or their unreasonable refusal to have medical care and attention.

/ / /
/ / /
/ / /

4818-1057-1927.1

6

DEFENDANT VICTORIA SECRET STORES, LLC.'S ANSWER TO COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, VSS is informed and believes and thereon alleges that the Complaint, and each claim contained therein, is barred on the ground that VSS was not a substantial cause of any alleged damage, injury, or loss to plaintiff, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

VSS reserves the right to assert additional affirmative defenses as they become known to VSS during the discovery of this matter.

WHEREFORE, VSS prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint, and that judgment be entered in favor of VSS;
2. That VSS recover its costs of suit incurred herein, including reasonable attorneys' fees; and
3. For such other and further relief as the Court deems proper and just.

DATED: June 14, 2019

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Ryan L. Nilsen
Paloma I. Moreno-Acosta
Attorneys for Defendants Victoria's Secret Stores, LLC dba Victoria's Secret, erroneously sued as "Victoria's Secret"

# CALIFORNIA STATE COURT PROOF OF SERVICE

Alexandra Marin Chau vs. Victoria's Secret Stores, LLC, et al.

Case No. 37-2019-00015190-CU-PO-CTL

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 701 B Street, Suite 1900, San Diego, CA 92101.

On June 14, 2019, I served the following document(s): **DEFENDANT VICTORIA SECRET STORES, LLC.'S ANSWER TO COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Ameer A. Shah, Esq.
LAW OFFICES OF AMEER A. SHAH
9121 Haven Avenue, Suite 150
Rancho Cucamonga, CA 91730
Tel: (909) 568-2000
Fax (909) 568-2020

*Attorney for Plaintiff,*
*ALEXANDRA MARIN CHAU*

The documents were served by the following means:

[X] (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

    [X] Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2019, at San Diego, California.

_____
Brittany LaBella

4818-1057-1927.1

8
DEFENDANT VICTORIA SECRET STORES, LLC.'S ANSWER TO COMPLAINT